IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01245-MSK-KLM

LAWRENCE EUGENE BEEMAN,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, a Colorado municipal corporation,
OFFICER BRIAN SNOW, in his individual and official capacities,
OFFICER JOHN DOE, in his individual and official capacities,
SERGEANT BLAIR, Denver Police Department, Internal Affairs Bureau, in his individual and official capacities, and
COMMANDER RON THOMAS, Denver Police Department, Internal Affairs Bureau, in his individual and official capacities,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion to Stay Discovery and Vacate Scheduling Conference** [#10][1] (the First Motion") and the **Motion to Vacate Scheduling/Planning Conference on August 18, 2015, and Stay Associated Deadlines** [#12] (the "Second Motion"), filed by Defendants City and County of Denver and Thomas. The First Motion asks the Court to stay discovery pending resolution of the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [#7] filed by movants. *First Motion* [#10] at 6. The Second Motion asks that the Scheduling Conference be vacated. *Second Motion* [#12]

---

[1] "[#10]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

at 4. As a result, if the First Motion is granted in full, the Second Motion will become moot.

Notably, both motions include discussion of movant's counsel's attempts to confer with Plaintiff's counsel and show that Plaintiff's counsel has not been responsive to conferral attempts. In the First Motion, movants explain that their counsel left a voice message and sent an email to opposing counsel one week prior to filing the motion. *First Motion* [#10] at 1. Plaintiff's counsel responded, requesting to confer two days later. *Id*. However, when movants' counsel called on the agreed day, Plaintiff's counsel was unavailable and movants' counsel left a voice message. *Id.* Movants' counsel sent another email the following business day and again the day the First Motion was filed, but did not receive a response from Plaintiff's counsel. *Id.* at 1-2. The Second Motion states that movants' counsel sent an email to Plaintiff's counsel regarding the motion three days before filing the Second Motion and both sent an email and left a voice message on the day the Second Motion was filed, but received no response. *Second Motion* [#12] at 2. **It is not acceptable for an attorney to fail to respond to conferral attempts.** The duties imposed by D.C.COLO.LCivR 7.1(a) require the moving party to "make reasonable good faith efforts to confer," but these duties also include an implicit duty to respond to conferral attempts. **If any attorney ignores this duty, he may be subject to sanctions.**

Plaintiff's deadline to respond to the First Motion has elapsed. D.C.COLO.LCivR. 7.1(d). Because Plaintiff has not filed a response to the First Motion, the Court treats it as unopposed. *Augustine v. Executive in Charge I.R.S.*, No. 06-cv-02514MS, 2007 WL 247719, at *1 n.1 (D. Colo. Jan. 26, 2007) ("Whether his failure to file a response in this Court was conscious or simply mistaken, the fact remains that he has filed no response to

the Defendant's motion in this Court requires this Court to treat the Defendant's motion as unopposed.").

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).  Further, in the two pending motions to

dismiss [##7, 13] the individual Defendants all assert that they are entitled to qualified immunity with regard to Plaintiff's constitutional claims. *See Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)* [#7] at 3-9; *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)* [#13] at 3-9. Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (citation omitted). Immunity questions should be resolved at the earliest possible stage of the litigation, thereby avoiding many of the associated burdens and costs. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery would apparently not prejudice Plaintiff, as he has not filed a response to the First Motion and his deadline to do so has elapsed. As noted above, the Court therefore treats the First Motion as unopposed. As a result, the Court finds that the first *String Cheese Incident* factor weighs in favor of a stay. With regard to the second factor, it appears Defendants will not be burdened by a stay because three of them are seeking the stay and the non-moving Defendants have not filed any opposition to the First Motion. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of a stay. With regard to the third factor, it is certainly more convenient for the Court

to enter a stay until it is clear that the case will move forward. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay. With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay. With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court and litigants serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay. Therefore, the Court finds that a stay pending resolution of the pending motions to dismiss is warranted in this case. Accordingly,

IT IS HEREBY **ORDERED** that the First Motion [#10] is **GRANTED**.

IT IS FURTHER **ORDERED** that all discovery is **STAYED** pending resolution of the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [#7] and the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [#13].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for August 18, 2015 at 11:00 a.m. is **VACATED**. The Court will reset the Scheduling Conference, if necessary, after resolution of the pending motions to dismiss [##7, 13].

IT IS FURTHER **ORDERED** that the Second Motion [#12] is **DENIED as moot**.

Dated: August 17, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge