IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01245-MSK-KLM

LAWRENCE EUGENE BEEMAN,

     Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, a Colorado municipal corporation,
OFFICER BRIAN SNOW, in his individual and official capacities,
OFFICER JOHN DOE, in his individual and official capacities,
SERGEANT BLAIR, Denver Police Department, Internal Affairs Bureau, in his individual
and official capacities, and
COMMANDER RON THOMAS, Denver Police Department, Internal Affairs Bureau, in his
individual and official capacities,

     Defendants.

_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on the Court's **Minute Order** [#28][1].  In the Court's

January 11, 2016 Minute Order, the Court noted that despite requesting an extension of

his deadline to respond to a pending motion to dismiss, Plaintiff had not filed a response

to either pending motion to dismiss and had not requested any further extension.

Specifically, the Court explained:

> There are two pending motions to dismiss [##7, 13].  On August 25, 2015,
> Plaintiff requested an extension of his deadline to respond to "Defendants'
> motion to dismiss" without specifying which motion his request related to.
> *Unopposed Motion for Extension of Time to Respond to Defendants' Motion*

_____

[1] "[#28]" is an example of the convention I use to identify the docket number assigned to
a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I
use this convention throughout this Recommendation.

> *to Dismiss* [#25].  Therefore, based on Plaintiff's counsel's selection of the second motion to dismiss [#13] in the electronic docketing system when filing his motion requesting an extension, the Court granted Plaintiff an extension through September 21, 2015 to respond to that motion [#13].  *Minute Order* [#27] at 1.  To date, Plaintiff has not responded to either motion to dismiss.

*Minute Order* [#28] at 1.  Ultimately, the Court sua sponte extended Plaintiff's deadline to file responses to the motions to dismiss through January 20, 2016 and warned Plaintiff that **"[f]ailure to respond to either motion will result in a Recommendation that this case be dismissed for failure to comply with a Court Order and failure to prosecute."** *Id.* (emphasis in original).  To date, Plaintiff has neither filed a response to either motion nor contacted the Court in any manner.  Notably, Plaintiff is represented by counsel in this case.  Further, as a member of the bar, Plaintiff's attorney is aware of his obligation to comply with deadlines set by the Court.  Accordingly, Plaintiff's failure to respond to the Court's January 11, 2016 Minute Order in any manner is troubling.

The Court warned Plaintiff in the January 11, 2016 Minute Order that his failure to timely comply with the instruction to respond would result in a recommendation that this matter be dismissed due to Plaintiff's failure to prosecute.  *Minute Order* [#28] at 1.  Given Plaintiff's failure to comply with the instruction stated in the Minute Order [#28], the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b).  *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit

enumerated the factors to be considered when evaluating grounds for dismissal of an action. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Here, it is clear that Plaintiff has no present intention of seeking resolution of this matter on the merits. Plaintiff has failed to respond to pending dispositive motions [##7, 13] filed by Defendants. As a result, the case has stagnated and Defendants and the Court have expended resources needlessly in a case that Plaintiff appears to have abandoned. *See Santistevan v. Colo. Sch. of Mines*, 150 F.App'x 927, 929-30 (10th Cir. 2005) ("[T]he judicial system was prejudiced by the complete lack of any meaningful advancement in the case, as well as the time spent by the magistrate judge seeking an explanation of plaintiff's failure to appear and to respond."). Further, Plaintiff has disobeyed a direct order of the Court by failing to file a response to the January 11, 2016 Minute Order. Plaintiff and his counsel are responsible for complying with all Court Orders and deadlines. *Id.* at 930 ("We find support, however, for the district court's conclusion that plaintiff and his counsel bear full responsibility for failing to attend the FTP Conference."). These facts demonstrate that Plaintiff has abandoned his lawsuit and has willingly disobeyed a Court Order. Because

of Plaintiff's abandonment of this lawsuit, no other sanction would be effective because in order for this case to move forward, Plaintiff must participate.  Consideration of the above-stated *Ehrenhaus* factors weigh in favor of dismissal with prejudice.[2]  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [#7] and the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [#13] are **DENIED as moot**.

IT IS RESPECTFULLY **RECOMMENDED** that this case be **DISMISSED with prejudice** as a sanction pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73

---

[2]  *See Santiztevan*, 150 F.App'x at 930 (affirming dismissal with prejudice); *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1187 (10th Cir. 2002) (affirming dismissal with prejudice as sanction when plaintiff's attorney failed to comply with Court deadlines and orders) .

F.3d 1057, 1060 (10th Cir. 1996).

Dated:  January 28, 2016

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge